DISCIPLINARY PROCEEDINGS
|,PER CURIAM.
On June 16, 1993, following a jury trial in the U.S. District Court, Eastern District of Louisiana, Respondent, Gerald J. Daigle, was convicted on one count of conspiracy, two counts of false statements to a bank, two counts of mail fraud, nine counts of wire fraud, one count of bank fraud and two counts of engaging in illegal monetary transactions in violation of 18 U.S.C. 371, 18 U.S.C. 1014, 18 .U.S.C. 1341, 18 U.S.C. 1343, 18 U.S.C. 1344, and 18 U.S.C. 1957. Respondent was sentenced to five years imprisonment, to be followed by three years supervised release and to make restitution in the amount of $50,000.
On October 15, 1993, this Court granted Disciplinary Counsel’s motion for interim suspension and formal charges were filed on October 29, 1993, alleging that Respondent had violated Rules 1.15, 4.1 and 8.4(a)(b) & (c) of the Rules of Professional Conduct. Pursuant to Respondent’s request, this Court issued an order on November 11, 1993, staying the disciplinary proceeding until all appeals of the criminal conviction were exhausted.
On December 2, 1994, the United States Court of Appeals for the Fifth Circuit reversed Respondent’s convictions for mail and wire fraud, remanding for a new trial. The Fifth Circuit further entered a judgment of acquittal as to the money laundering charge. Thereafter, Respondent entered into a plea arrangement whereby a superseding bill of information charging him with two counts of misprision of felony was filed on February 14, 1995. On February 15, 1995, ^Respondent pled guilty to two counts on misprision of felony in violation of 18 U.S.C. 4, and on April 13, 1995, was sentenced to *307 twelve months imprisonment with credit for time served on the original convictions, fined $10,000 and ordered to perform community service.
On August 31, 1995, following Respondent’s petition to vacate the interim suspension, this Court issued an order reinstating Respondent to the practice of law and remanding respondent’s request for discipline by consent to the Disciplinary Board for further proceedings.
On July 28,1995, the Office of Disciplinary Counsel filed amended charges, alleging that Respondent violated Rule 8.4(b) of the Rules of Professional Conduct when he committed a criminal act. On August 17, 1995, Respondent admitted the formal charges and on August 30, 1995, petitioned for discipline by consent. On September 28, 1995, the Office of Disciplinary Counsel filed its concurrence to Respondent’s motion for consent discipline. On October 15, 1995, the Hearing Committee approved the proposed consent discipline.
On November 9, 1995, Responded filed an amended motion for consent discipline. Disciplinary Counsel filed its concurrence with the amended proposed consent discipline on November 9, 1995. On March 6, 1996, the Disciplinary Board approved the amended proposed consent discipline and recommended that this Court also accept the amended proposed consent discipline.
Upon review of the record of the Disciplinary Board’s findings and recommendations, and the record filed herein, it is the decision of the Court that the Disciplinary Board’s recommendation be adopted.
Accordingly, it is ordered that:
1. Gerald J. Daigle be suspended for a period of twelve months, retroactive to October 15, 1993, the date of his interim suspension.
_Jj2. Gerald J. Daigle be assessed with all costs of these proceedings.
SUSPENSION ORDERED.